831 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Alberto ASCANIO, Defendant-Appellant.
 No. 86-4099.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1987.
 
 Before BOYCE F. MARTIN, and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Luis Ascanio was convicted for conspiring to distribute cocaine, for distributing cocaine, and for using interstate travel and telephone to distribute cocaine, in violation of 21 U.S.C. Secs. 846, 841(a)(3), 843(b), and 18 U.S.C. Secs. 2 and 1952(a)(3). On appeal, Ascanio challenges the district court's instructions to the jury and the admission into evidence of statements of co-conspirators. For the following reasons, we must affirm Ascanio's convictions.
 
 
 2
 Ascanio was arrested on June 28, 1986 in a Cincinnati restaurant. He had come to the restaurant to meet Ronald Frushon. The purpose of their meeting was the collection of a $100,000 debt which Frushon owed to Ascanio for cocaine which Ascanio had previously supplied to Frushon. Ascanio did not know, however, that Frushon was cooperating with the Federal Bureau of Investigation. Ascanio also did not know that, for over two weeks, the F.B.I. had been recording conversations between the two men, conversations which documented Ascanio's extensive drug dealings in detail. Frushon, who pleaded guilty to the drug offenses for which he was indicted, subsequently testified against Ascanio at the trial.
 
 
 3
 Ascanio argues, however, that the district court erred in admitting Frushon's statements and the statements of other alleged co-conspirators. Ascanio contends that the statements admitted by the district court were not made in the course of and in furtherance of the same conspiracy as that charged in the indictment.
 
 
 4
 The argument is without merit. In order to admit hearsay testimony under the co-conspirator exception of Fed.R.Evid. 801(d)(2)(E), the trial court must find that the government proved, by a preponderance of the evidence, that (1) a conspiracy existed; (2) that the defendant against whom the statement was offered was a member of the conspiracy; and (3) that the statement was made in the course of and in furtherance of the conspiracy. United States v. Vinson, 606 F.2d 149, 152 (6th Cir.1979), cert. denied, 444 U.S. 1074 (1980). The evidence was sufficient for the district court to conclude that the charged conspiracy existed, that Ascanio was a member of it, and that the challenged statements were made in the course of and in furtherance of it.
 
 
 5
 Ascanio also argues that the district court erred by failing to instruct the jury that the testimony of drug-dependent witnesses is inherently unreliable. He contends that the court's jury instructions did not adequately inform the jury that it should weigh with great caution the testimony of Frushon and Douglas Harrison, two major government witnesses who Ascanio alleged had addictive cocaine habits.
 
 
 6
 We disagree. The district court instructed the jury that accomplice testimony was to be received carefully. The court further cautioned the jury that this testimony may be unreliable because these witnesses had reached plea agreements with the government. In fact, the court twice repeated the caution that the jury should not convict on the unsupported testimony of an accomplice unless the jury believed such testimony beyond a reasonable doubt. Moreover, after a trial in which Frushon and Harrison's cocaine use was fully disclosed, the jury was given a thorough instruction on assessing credibility. Therefore, we believe that the district court's jury instructions were more than adequate to ensure that the jury properly and fairly weighed the evidence.
 
 
 7
 Ascanio's final argument, that the district court committed reversible error by refusing to give a multiple conspiracy charge, is similarly without merit. After reading the conspiracy count to the jury, the district court explained the law relative to that count. The court then instructed that it was for the jury to determine whether, as a factual matter, there were separate, multiple conspiracies. This procedure was clearly sufficient to inform the jury that Ascanio could only be convicted of the conspiracy alleged in the indictment.
 
 
 8
 The other arguments advanced by Ascanio are without merit.
 
 
 9
 Accordingly, the decision of the district court is affirmed.